ALEXANDER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. January 25, 1904.)

1. STREET RAILWAYS—NEGLIGENCE—COLLISION—EVIDENCE—SUFFICIENCY.
   In an action against a street railway because of a collision between a car and plaintiff's vehicle a bystander testified to the rapid movement of the car. Two employés of plaintiff, who were in charge of the vehicle, which was a covered one with two windows about 12 by 9 inches in the back, testified that as they drove on the track in order to pass a truck they looked back through the windows, and saw no car; that just as they passed the truck they turned off the track, but, before the wagon cleared it, it was struck from behind by a car. Defendant offered no evidence. Held not error, on verdict for defendant, to deny plaintiff a new trial.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Jastrow Alexander against the Metropolitan Street Railway Company. From an order denying plaintiff's motion for a new trial he appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS, JJ.

David Steckler, for appellant.

A. K. Wing & William E. Weaver, for respondent.

MacLEAN, J.   Three witnesses were produced for the plaintiff in this action to recover damages done his vehicle, harness, and horse through the alleged negligence of the defendant's motorman, without contributory negligence of those in charge of the turnout.   One of the witnesses was a bystander, and testified to the rapid movement of the car, to the collision, and to the extent of the injuries.   The two others, employés of the plaintiff, testified that, driving southerly, about five miles an hour, on the westerly side of the defendant's tracks on Eighth avenue, in a covered wagon with two windows, say 12 by 9 inches, in the back, near nightfall, and purposing to pass a truck in front of them, they looked back through the windows, seeing nothing of a car, though they could see half a block, and a little later turned upon the track, passed the truck, and were running off again, when the left hind wheel, which had not left the track, was struck by a south-bound car.   Upon this testimony as to the care or carelessness of the plaintiff's servants—for the defendant offered no evidence— the cause was submitted to the jury, who found for the defendant, evidently not crediting, as they might, the statements of the two witnesses, either because of prejudice, imputable to impulse to ex- culpate themselves and prejudice for their employer's interest, or be- cause of the improbability of their story, or both.   No pertinent ex- ception was taken to the charge of the learned justice, who was as favorable to the plaintiff as could be asked.   Neither are any of the exceptions taken during the trial now available, seeing there is no question of amount of damages.   The denial of the motion to grant a new trial should not be disturbed.

Order affirmed, with costs.

DAVIS, J., concurs.

FREEDMAN, P. J. (concurring).   This case has been twice tried before a jury, and each time the defendant has had a verdict.   Upon appeal the first judgment was set aside, and a new trial ordered, as stated in the opinion, "in furtherance of justice."   While an exam- ination of the testimony might lead this court to a different conclu- sion, we are not to determine appeals solely upon that consideration. I am in favor of affirming the order.